Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 283-6078
Fax: (314) 241-5777

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW T. HILL, | Case No. **'13CV2728 JM   BGS** |
| Plaintiff, | COMPLAINT |
| vs. | |
| ALLIED INTERSTATE LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Andrew T. Hill, (hereinafter "Hill") against Allied Interstate LLC (hereinafter "Allied" or "Defendant") for violations of the Fair Debt Collection Practices Act, (hereinafter "FDCPA")[1] the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. (hereinafter "the Rosenthal Act")[2] which prohibit debt collectors from engaging in abusive, deceptive and unfair practices and the Telephone Consumer Protection Act, (hereinafter "TCPA")[3] which prohibits the making of unconsented to phone calls to cell phones.

2. Hill makes these allegations on information and belief, with the exception of those allegations that pertain to Hill, or to Plaintiff's counsel, which Hill alleges on personal knowledge.

---

[1] All undesignated section references to §1692 are to the FDCPA
[2] All undesignated section references to section 1788 are to the Rosenthal Act
[3] All undesignated section references to 47 U.S.C. §277 are to the TCPA

## JURISDICTION AND VENUE

3. Jurisdiction arises pursuant to 28 U.S.C. § 1391, 1337, 15 U.S.C. § 1692(k)(d), and 47 U.S.C. § 277 *et seq*. and 28 U.S.C. § 1367 for supplemental state claims.

4. As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendant for purposes of this action.

## THE PARTIES

5. Hill is a natural person residing in San Diego County, California.

6. Hill is a "consumer" within the meaning of § 1692a(3) being a natural person purportedly obligated to pay a "debt" or "consumer debt", as defined respectively, in § 1692a(5) and Civil Code section 1788.2(f) and purportedly obligated to pay a credit card debt to HSBC, (hereinafter "Debt").

7. Hill is a "debtor" as Civil Code section 1788.2(h) defines that term.

8. Hill is a "person" as defined by 47 U.S.C. § 153 (39).

9. Defendant is a person and/or business entity who uses instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by § 1692a(6).

10. Defendant in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by Civil Code section 1788.2(b), and is therefore a debt collector as that term is defined in Civil Code section 1788.2(c).

11. Defendant Allied is a Minnesota entity with an address of 12755 State Highway 55, Suite 300, Plymouth, MN 55441, and may be served at CT Corporation Systems, 818 West Seventh Street, Los Angeles, CA 90017.

///

## FACTUAL ALLEGATIONS

12. At all times described herein, Defendant conducted a campaign of telephone collection calls to Hill's cell number.

13. Defendant and its agents called Hill's cell phone number (xxx) xxx-0373 (hereinafter "cell phone").

14. Prior to May 17, 2013, Hill allegedly fell behind in the payment allegedly owed on the alleged debt.

15. Prior to May 17, 2013, the alleged debt was allegedly assigned, placed or otherwise transferred to Defendant for collection. Hill denies a valid assignment took place.

16. At all times herein, that Defendant was attempting to collect the alleged debt from Hill, that debt was a debt as defined by § 1692a (5) of the FDCPA.

17. At all times herein, that Defendant was attempting to collect the alleged debt from Hill, that debt was a consumer debt as defined by section 1788.2(f) of the Rosenthal Act. At various and multiple times prior to the filing of the instant complaint, including within one (1) year preceding the filing of this complaint, Defendant contacted Hill in attempts to collect the debt.

### Phone calls

18. Beginning on or about May 17, 2013, and on multiple occasions since that time, up to and including August 28, 2013, Defendant contacted and/or attempted to contact Hill's cell phone.

19. Hill answered some of these calls.

20. When he did answer some of the calls, there was no one on the line, i.e., there was silence and there was a pause before a human non-recorded voice came on the line, both of which indicate an autodialer or ATDS was being used.

21. Defendant has constantly and continuously placed collection calls to Hill seeking and demanding payment for the alleged debt with the intent to annoy, abuse and/or harass him.

22.     These phone calls to the cell phone were communications within the meaning of § 1692a(2) debt collections as defined in Civil Code section 1788.2(b)

23.     At least one of these phone calls was made to Hill before 8 a.m., Hill's local standard time.

24.     Prior to these calls Defendant had sent him correspondence to his home address in San Diego, California. This action indicates that Defendant had constructive and actual notice that Hill resided in the Pacific Time zone and not the earlier time zone of the area code of his cell phone number (Eastern or Atlantic).

25.     By communicating with Hill, as stated above, before 8:00 a.m., a presumptively and actually inconvenient time per § 1692c(a)(1), Defendant violated § 1692c(a)(1)

26.     By engaging in the foregoing conduct the natural consequence being harassment and oppression of the Hill in connection with the collection of a debt, Defendant violated § 1692d.

## **TCPA**

27.     Defendant placed these calls to Hill's cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

28.     During these telephone calls Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

29.     These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

30.     Hill did not provide "express consent" allowing Defendant to place telephone calls to Hill's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

31.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Hill provided express consent within the meaning of the statute, because it is the best entity to determine how numbers

1 were attained.

32. These telephone calls by Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

33. Defendant's misconduct in placing these telephone calls to Hill's cell phone was negligent and Hill is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

34. Defendants' misconduct in placing some or all of these telephone calls to Hill's cell phone was willful and knowing and Hill is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

35. Hill was harmed by the acts of Defendant including but not limited to the following ways:

   (a) Defendant's calls to Hill's cellular phone caused Hill to incur certain cellular telephone charges or reduce cellular telephone time for which Hill previously paid,

   (b) Defendant's calls to Hill in the early morning while he was still asleep repeatedly and continuously with the intent to annoy, abuse and/or harass caused stress, anxiety, loss of sleep and resulting overall diminished abilities to carry on activities of daily living.

36. As a result of the above violations of the FDCPA and the Rosenthal Act, Hill suffered and continues to suffer from personal humiliation, embarrassment, mental anguish, anxiety, and emotional distress injury and Defendant is liable for Hill's actual and statutory damages, costs and attorney's fees.

37. Because Defendant violated certain portions of the FDCPA as specifically set out herein, as these portions are incorporated by reference in Civil Code section 1788.17, this conduct or omission also violated the Rosenthal Act.

## FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

38. Hill repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

39. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of § 1692 et seq.

40. As result of each and every violation of the FDCPA, Hill is entitled to any actual damages pursuant to § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to § 1692k(a)(2)(A); reasonable attorney's fees and costs pursuant to § 1692k(a)(3) from defendant.

## SECOND CLAIM FOR RELIEF

### (Claim for violations of the Rosenthal Act)

41. Hill repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs preceding the First Claim for Relief

42. Defendant's acts and omissions violated the Rosenthal Act including, but not limited to section 1788.17. Defendant's violations of section 1788.17 of the Rosenthal Act (which incorporates several of the provisions of the FDCPA) include, but are not limited to those enumerated in the above First Claim for Relief.

43. Hill is entitled to statutory damages of $1000.00 under Civil Code section 1788.30(b) for Defendant violations, as enumerated above, of the Rosenthal Act.

44. Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Hill to statutory damages pursuant to section 1788.30(b) of the Rosenthal Act.

45. Defendant's acts as described above were done intentionally with the purpose of coercing Hill to pay the debt.

46. As a proximate result of the violations by Defendant of the Rosenthal Act as previously stated, Hill is entitled to any actual damages and statutory damages for discrete violations of the Rosenthal Act and also an additional $1,000.00 statutory damages for violation of Civil Code section 1788.17, and attorney's fees and costs of this action.

///

## THIRD CLAIM FOR RELIEF

**(Negligent Violations of the Telephone Consumer Protection Act)**

47. Hill incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

49. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Hill is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. Hill is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## FOURTH CLAIM FOR RELIEF

**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act)**

51. Hill incorporates by reference all of the above paragraphs before his Third Count for Relief as though fully stated herein.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

53. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Hill is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and prays for the following relief:

 (1) Assume jurisdiction in this proceeding;

 (2) Declare that the Defendant violated the FDCPA;

 (3) Declare that the Defendant violated the Rosenthal Act;

(4) Declare that the Defendant violated the TCPA;

(5) Award of actual damages, in accordance with proof at trial, pursuant to § 1692k(a)(1) of the FDCPA and Civil Code section 1788.30(a) of the Rosenthal Act;

(6) Award of statutory damages of $1,000.00 pursuant to §1692k(a)(2)(A) of the FDCPA;

(7) An award of statutory damages of $1,000.00 pursuant to Civil Code section 1788.30(b) of the Rosenthal Act for violation of section 1788.17 of the Rosenthal Act;

(8) Award of the costs of litigation and reasonable attorney's fees, pursuant to § 1692k(a)(3) of the FDCPA and Civil Code section 1788.30(c) of the Rosenthal Act;

(9) Award of statutory damages of $500.00 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);

(10) Award of statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

(11) Such other and further relief this court may deem just and proper.

## TRIAL BY JURY

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated November 13, 2013

**Lester & Associates**
By   s/ Patric A. Lester
Attorney for Plaintiff,
E-mail: pl@lesterlaw.com