Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 283-6078
Fax: (314) 241-5777

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW T. HILL,<br><br>                Plaintiff,<br>    vs.<br>ALLIED INTERSTATE LLC,<br><br>                Defendant. | ) Case No. 3:13-CV-02728-JM-BGS<br>)<br>) FIRST AMENDED COMPLAINT<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>) |

### INTRODUCTION

1.      This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Andrew T. Hill, (hereinafter "Hill") against Allied Interstate LLC (hereinafter "Allied" or "Defendant") and against Capital One Bank (USA) N.A. (hereinafter "Cap USA" or "Defendant") for violations of the Telephone Consumer Protection Act, (hereinafter "TCPA") which prohibits the making of unconsented to phone calls to cell phones. All undesignated section references to 47 U.S.C. §277 are to the TCPA.

2.      Hill makes these allegations on information and belief, with the exception of those allegations that pertain to Hill, or to Plaintiff's counsel, which Hill alleges on personal knowledge.

### JURISDICTION AND VENUE

3.      This Court has federal question subject matter jurisdiction under 28 U.S.C.

§ 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute. The Court has personal jurisdiction over Defendants and venue is proper in this District because substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

4. Hill is an individual citizen residing in San Diego County, California.

5. Hill is a "person" as defined by 47 U.S.C. § 153.

6. Defendant Allied is a Minnesota entity with an address of 12755 State Highway 55, Suite 300, Plymouth, MN 55441, and may be served at CT Corporation Systems, 818 West Seventh Street, Los Angeles, CA 90017 and at all timer mentioned was a person as defined by 47 U.S.C. § 153.

7. Defendant Cap USA is a Virginia entity with a principal place of business at 4581 Cox Road, Glen Allen, Virginia 23060, and may be served through its registered agent Corporation Service Company, Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, Virginia 23219 and at all times mentioned was a person as defined by 47 U.S.C. § 153.

## FACTUAL ALLEGATIONS

8. Cap USA contracted or engaged Allied for the purpose of conducting a campaign of telephone collection calls to among other numbers, Hill's cell number.

9. At all times described herein, Allied was acting on its own behalf and as the agent, servant, partner, joint venture, and employee of Cap USA and within the scope of its agency, authority and employment.

10. Beginning on or about May 17, 2013, and on multiple occasions since that time, up to and including August 28, 2013, Defendants and/or their agents directed a campaign of telephone collection calls to Hill's cell number (xxx) xxx-0373 (hereinafter "cell phone").

11. Defendants and/or their agents directed calls to and/or attempted to contact Hill's cell phone.

12. Hill answered some of these calls.

13. When he did answer some of the calls, there was no one on the line, i.e., there was silence and there was a pause before a human non-recorded voice came on the line, both of which indicate an autodialer or ATDS was being used.

14. Defendants and/or their agents have constantly and continuously placed collection calls to Hill seeking and demanding payment for the alleged debt with the intent to annoy, abuse and/or harass him.

15. Defendants and/or their agents placed these calls to Hill's cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

16. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. Hill did not provide "express consent" allowing Defendants and/or their agents to place telephone calls to Hill's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

18. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendants to demonstrate that Hill provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

19. These telephone calls by Defendants and/or their agents violated 47 U.S.C. § 227(b)(1)(A)(iii).

20. Defendants and/or their agents misconduct in placing these telephone calls to Hill's cell phone was negligent and Hill is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

21. Defendants and/or their agents misconduct in placing some or all of these telephone calls to Hill's cell phone was willful and knowing and Hill is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47

U.S.C. § 227(b)(3)(C).

## FIRST CLAIM FOR RELIEF

**(Negligent Violations of the Telephone Consumer Protection Act)**

22. Hill incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

24. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Hill is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

25. Hill is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CLAIM FOR RELIEF

**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act)**

26. Hill incorporates by reference all of the above paragraphs before his Third Count for Relief as though fully stated herein.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

28. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Hill is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

    (1) Award of statutory damages of $500.00 for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);

    (2) Award of statutory damages of $1,500.00 for each and every

knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

(3) Such other and further relief this court may deem just and proper.

## **TRIAL BY JURY**

29. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated July 7, 2014

**Lester & Associates**
By  s/ Patric A. Lester
Attorney for Plaintiff,
E-mail: pl@lesterlaw.com

Re: Andrew T. Hill v. Allied Interstate LLC,
Case No.3:13-cv-02728-JM-BGS
United States District Court, Southern District Of California

## CERTIFICATE OF SERVICE

I, the undersigned, declare as follows:

On the date below I electronically filed with the Court through its CM/ECF program and served through the same program the following

**First Amended Complaint**

on the interested parties in said case as follows:

Jeffery J. Carlson
J. Grace Felipe
Carlson & Messer, LLP
5959 W. Century Blvd, Suite 1214
Los Angeles, CA  90045
Attorney for: Allied Interstate LLC

For each addressee named above, that is not registered as a CM/ECF user, by First Class Mail, by placing a copy thereof in a separate envelope addressed to each addressee respectively, and then sealing each envelope and, with the postage thereon fully prepaid, then depositing each in the United States mail at San Diego,

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated July 7, 2014         /s/ Patric A. Lester
                           Patric A. Lester
                           Attorney for Plaintiff,
                           pl@lesterlaw.com