Jeffery J. Carlson (State Bar No. 60752)
Carlsonj@cmtlaw.com
J. Grace Felipe (State Bar No. 190893)
Felipeg@cmtlaw.com
**CARLSON & MESSER LLP**
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendants,
ALLIED INTERSTATE LLC and
CAPITAL ONE BANK (USA), N.A.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW T. HILL, | Case No: 3:13-cv-02728-JM-BGS |
| Plaintiff, | **ANSWER TO FIRST AMENDED COMPLAINT** |
| vs. | |
| ALLIED INTERSTATE LLC, | |
| Defendant. | |

COMES NOW Defendant CAPITAL ONE BANK (USA), N.A., (hereinafter "CAP ONE"), by its attorneys, and answers the First Amended Complaint (hereinafter "Complaint") of Plaintiff ANDREW T. HILL ("Plaintiff") as follows:

///

///

///

///

///

## INTRODUCTION

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff brings an action asserting claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), however, CAP ONE denies that it has violated the TCPA in any manner whatsoever.

2. Paragraph 2 of Plaintiff's Complaint contains no factual allegations against CAP ONE which requires a response. To the extent that Paragraph 2 contains factual allegations, CAP ONE denies those allegations.

## JURISDICTION AND VENUE

3. Answering Paragraph 3 of Plaintiff's Complaint, CAP ONE admits that this Court has jurisdiction over Plaintiff's federal law claims. Except as specifically admitted herein, CAP ONE denies the allegations in Paragraph 3 of Plaintiff's Complaint.

## THE PARTIES

4. CAP ONE lacks sufficient information to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, and on that basis, CAP ONE denies same at this time.

5. CAP ONE lacks sufficient information to either admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint, and on that basis, CAP ONE denies same at this time.

6. CAP ONE lacks sufficient information to either admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint, and on that basis, CAP ONE denies same at this time.

///

///

///

7.   Answering Paragraph 7 of Plaintiff's Complaint, CAP ONE admits that it is a business entity with the address listed in Paragraph 7 of Plaintiff's Complaint CAP ONE denies the remainder of the allegations contained in Paragraph 7 as they constitute a legal conclusion.

## FACTUAL ALLEGATIONS

8.   Answering Paragraph 8 of Plaintiff's Complaint, CAP ONE admits that it hired Allied for the purpose of collecting a debt from Plaintiff. With respect to the remaining allegations, CAP ONE denies, generally and specifically, each and every averment contained therein.

9.   CAP ONE denies the allegations contained in Paragraph 9 of Plaintiff's Complaint, as they constitute a legal conclusion.

10.   Answering Paragraph 10 of Plaintiff's Complaint, CAP ONE admits that Allied, on behalf of CAP ONE, made calls to Plaintiff in an attempt to collect a debt between May 17, 2013 and August 28, 2013. With respect to the remaining allegations, CAP ONE denies, generally and specifically, each and every averment contained therein.

11.   Answering Paragraph 11 of Plaintiff's Complaint, CAP ONE admits that Allied, on behalf of CAP ONE, made calls to Plaintiff in an attempt to collect a debt between May 17, 2013 and August 28, 2013. With respect to the remaining allegations, CAP ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis, denies, generally and specifically, each and every averment contained therein.

12.   CAP ONE lacks sufficient information to either admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, and on that basis, CAP ONE denies same at this time.

/ / /

13. CAP ONE lacks sufficient information to either admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint, and on that basis, CAP ONE denies same at this time.

14. CAP ONE denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. CAP ONE denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Answering Paragraph 16 of Plaintiff's Complaint, CAP ONE does not have knowledge or information sufficient to form a belief as to the truth of these allegations, as they require a legal conclusion, and on that basis, denies, generally and specifically, each and every averment contained therein.

17. CAP ONE denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. CAP ONE states that the TCPA speaks for itself and that no responsive pleading is required. To the extent Paragraph 18 of Plaintiff's Complaint contains factual allegations, those allegations are denied.

19. CAP ONE denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. CAP ONE denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. CAP ONE denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF

**(Negligent Violations of the Telephone Consumer Protection Act)**

22. CAP ONE incorporates by reference Paragraph 1 to 21 above as though fully set forth herein.

23. CAP ONE denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. CAP ONE denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. CAP ONE denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF

### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act)

26. CAP ONE incorporates by reference Paragraph 1 to 25 above as though fully set forth herein.

27. CAP ONE denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. CAP ONE denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

29. CAP ONE denies that Plaintiff is entitled to the relief sought in the Prayer for Relief in Plaintiff's Complaint, including each of its subparts.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

30. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against CAP ONE.

///

///

## SECOND AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

31. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Plaintiff's Conduct Caused Damages)

32. Damages or injuries, if any, suffered by Plaintiff are attributable to Plaintiff's own conduct, deeds, acts, words and omissions, and not to any conduct, deeds, acts, words or omissions of CAP ONE.

## FOURTH AFFIRMATIVE DEFENSE

### (No Attorneys' fees)

33. As a separate affirmative defense, CAP ONE asserts that the TCPA does not provide for attorneys' fees and that Plaintiff is not entitled to attorneys' fees pursuant to either *Code of Civil Procedure* § 1021.5 or application of the equitable "common fund" or "substantial benefit doctrines."

## FIFTH AFFIRMATIVE DEFENSE

### (Offset)

34. Plaintiff is barred from any legal or equitable relief under each of the purported causes of action in the Complaint, to the extent offsetting claim(s) exist.

## SIXTH AFFIRMATIVE DEFENSE

### (No Malice)

35. CAP ONE alleges that the alleged actions of CAP ONE were not accompanied by actual malice, intent or ill will.

///

///

### SEVENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

36. No punitive damages are recoverable in this Action. Any award of punitive damages against CAP ONE is unconstitutional.

### EIGHTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

37. Without waiver of any of the denials contained herein, CAP ONE asserts that, if Plaintiff sustained any damages, which CAP ONE denies, such damages were proximately caused by the acts or omissions of other persons, firms, or corporations.

### NINTH AFFIRMATIVE DEFENSE

### (Good Faith)

38. CAP ONE acted in good faith and that the acts, conduct and communications, if any, of CAP ONE was justified.

### TENTH AFFIRMATIVE DEFENSE

### (Statutory Damages Unconstitutional)

39. The TCPA provides for statutory damages of $500 to $1,500 for each violation of the law. When directed at telephone calls, statutory damages under the TCPA could quickly rise to thousands of dollars of damages for alleged actions that caused little or no actual damage to Plaintiff. Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

///

///

///

///

## ELEVENTH AFFIRMATIVE DEFENSE
### (TCPA Does Not Apply to Debt Collection)

40. As a separate, affirmative defense, CAP ONE asserts that the TCPA was intended to restrict telemarketers, not those actively engaged in the collection of debt, and enforcement of statutory damages under the TCPA against CAP ONE would constitute imposition of unexpected, unfair, excessive, punitive, unlawful and unconstitutional damages.

## TWELFTH AFFIRMATIVE DEFENSE
### (Prior Express or Implied Consent)

41. As a separate, affirmative defense, CAP ONE asserts that it had consent to call the phone numbers at issue, either via prior express consent or implied consent.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Existing Business Relationship)

42. As a separate, affirmative defense, CAP ONE asserts any calls to Plaintiff were made pursuant to an existing business relationship.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to State ATDS)

43. As a separate, affirmative defense, CAP ONE asserts that Plaintiff's pleading regarding CAP ONE's alleged use of an ATDS is conclusory and Plaintiff has failed to plead facts sufficient to satisfy the *Iqbal/Twombly* standard for pleading a valid claim under the TCPA, 47 USC § 227, et seq.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No ATDS)

44. As a separate, affirmative defense, CAP ONE asserts that any alleged calls by CAP ONE to Plaintiff were *not made by an automatic telephone dialing system* under the TCPA, 47 USC § 227, et seq.

///

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Not Charged for Call)

45. As a separate, affirmative defense, CAP ONE asserts that Plaintiff was not charged for any alleged call by CAP ONE, and therefore, his Complaint is unactionable under the TCPA.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

46. CAP ONE reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

## CAP ONE'S PRAYER FOR RELIEF

WHEREFORE, CAP ONE prays that the First Amended Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that CAP ONE, demands a jury trial in this case.

DATED: August 15, 2014                    CARLSON & MESSER LLP


By: /s/ J. Grace Felipe
    Jeffery J. Carlson
    J. Grace Felipe
    Attorney for Defendants,
    ALLIED INTERSTATE LLC and
    CAPITAL ONE BANK (USA) N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August 2014, a true and accurate copy of the foregoing **ANSWER TO FIRST AMENDED COMPLAINT** was served via the U.S. District Court ECF system on the following.

Patric Alexander Lester
Patric Lester & Associates
5694 Mission Center Road, Suite 358
San Diego, CA  92108
Tel:  (619) 283-6078
Fax:  (314) 241-5777
Email:  pl@lesterlaw.com

/s/ J. Grace Felipe
J. Grace Felipe
CARLSON & MESSER LLP